UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY A. BAUSMAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendants. | No. 1:14-cv-00900-DAD-EPG (PC)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO CLOSE THE CASE<br><br>(Doc. No. 19) |

Plaintiff Barry A. Bausman is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 12, 2014. (Doc. No. 1.) On January 15, 2015, the court dismissed the complaint for failure to state a claim but granted plaintiff leave to amend. (Doc. No. 8.) The operative pleading in this case is now plaintiff's first amended complaint, filed on March 9, 2015.

On May 31, 2016, plaintiff filed a motion to voluntarily dismiss this case. (Doc. No. 19.) The court construes plaintiff's motion as a notice of dismissal under Rule 41(a)(1)(A)(i). The Ninth Circuit has explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Hamilton v. Shearson-Lehman American Express*, 813 F.2d 1532, 1534 (9th Cir. 1987)). A

1

plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. *Id.* The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. *Id.; Pedrina v. Chun,* 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. *Concha*, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. *Id.* (citing *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. *Id.*

*Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). In this case, no other party except plaintiff has made an appearance in this action. Therefore, plaintiff's notice of voluntary dismissal is effective, and this case has been dismissed without prejudice.

Accordingly,

1. Plaintiff's motion for voluntary dismissal of this action (Doc. No. 19), filed on May 31, 2016, is construed as a notice of dismissal under Rule 41(a)(1)(A)(i);

2. Plaintiff's notice of dismissal is effective as of the date it was filed;

3. This case has been dismissed, without prejudice, under Rule 41(a)(1)(A)(i);

4. All pending motions are denied as having been rendered moot; and

5. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **July 22, 2016**                                   _Dale A. Drozd_
                                                             UNITED STATES DISTRICT JUDGE